IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK WILLIAMS,

        Plaintiff,                              No. CIV S-11-0805 DAD P

    vs.

J. WALKER, et al.,                          ORDER

        Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed a motion requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Motion to Proceed In Forma Pauperis**

        In his motion to proceed in forma pauperis, plaintiff argues that he is in imminent danger of serious physical injury as referred to in 28 U.S.C. § 1915(g). As in his complaint, plaintiff contends that despite having a lower bunk chrono, he has been assigned to an upper bunk at his institution of confinement. (Mot. for IFP, Doc. No. 1 at 2.) In this regard, plaintiff alleges as follows in his motion:

/////

1

> Plaintiff suffers from a weak and severe painful lower back, he has had a neck fusion, suffers from side effects of valley fever and has had spinal cord fusion and right wrist surgeries, and been placed on "limited work duties" all of which makes it medically necessary and a medical necessity to be immediately placed on/assigned to a "lower bunk" permanently as a doctor ordered.

(Id. at 3.) Plaintiff also alleges that he has to climb up and down the upper bunk without a ladder and that his bunk assignment causes him to "reinjure himself when falling from the top bunk[.]" (Id. at 4.) Although court records indicate that on at least three prior occasions, plaintiff has brought civil actions while incarcerated that were dismissed as frivolous, malicious, or failed to state a claim[1], it appears that plaintiff satisfies the "imminent danger" exception under 28 U.S.C. § 1915(g) in connection with this action. See Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) (requiring the court to liberally construe plaintiff's allegations when making the imminent danger determination).

Nonetheless, plaintiff has not submitted the in forma pauperis application form employed by this court. Therefore, the court will order plaintiff to submit a properly completed application to proceed in forma pauperis. Plaintiff is cautioned that the in forma pauperis application form includes a section that must be completed by a prison official, and the form must be accompanied by a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of this action.

**II. Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C.

---

[1] See Williams v. Dep't of Corrections, No. 1:06-1793 RC, Doc. No. 29 at 3-4 (dismissing pursuant to Rule 8 of the Federal Rules of Civil Procedure where plaintiff's third amended complaint remained "an incoherent and jumbled narrative" that failed to "articulate the specific acts of Defendants that Plaintiff believe[d] [gave] rise to constitutional violations"); Williams v. Dep't of Corrections, No. 1:07-0083 SMS, Doc. No. 23 at 5 (dismissing plaintiff's complaint with prejudice for failure to state a claim); Williams v. Kelso, No. 2:10-2898, Doc. No. 9 at 4 (dismissing plaintiff's complaint as frivolous).

§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**III. Deficiencies of Plaintiff's Complaint**

In his complaint filed in this action plaintiff claims that his rights under the Fourteenth Amendment's due process and equal protection clause and Eighth Amendment have been violated. Plaintiff contends that defendants have "conspired to deny aforementioned

3

1 constitutional protections to be assigned to a lower bunk, [which] resulted in unnecessary
2 infliction of pain being deliberately indifference [sic] to plaintiff's serious medical needs."
3 (Compl. (Doc. No. 1) at 5.)  Plaintiff has attached to his complaint a "Comprehensive
4 Accommodation Chrono," dated June 1, 2010 and signed by Dr. Andrew Nangalama, and which
5 provides plaintiff with a permanent "Bottom Bunk" accommodation due to "Valley fever with
6 complications and fused cervical spine."  (Id. at 15.)  In this action plaintiff has named as
7 defendants Chief Medical Officer Walker, nurse Linggi, senior nurse Barajas, defendants Deems
8 and Sumas with the California Department of Corrections and Rehabilitation's health care
9 services, and the State of California.  It appears that defendants Linggi, Barajas, Deems and
10 Sumas have been named as defendants by plaintiff because of their involvement in his inmate
11 appeal process.  The State of California has apparently been named by plaintiff because it "is
12 employer and sovereign entity establishing administrative and other process by which defendants
13 are bound." (Id. at 7.)  Plaintiff's complaint contains no factual allegations concerning defendant
14 Chief Medical Officer Walker.

15         The allegations in plaintiff's complaint are so vague and conclusory that the court
16 is unable to determine whether the current action is frivolous or fails to state a claim for relief.
17 The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).
18 Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to
19 the defendants and must allege facts that support the elements of the claim plainly and succinctly.
20 Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege
21 with at least some degree of particularity overt acts which defendants engaged in that support his
22 claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
23 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an
24 amended complaint.
25 /////
26 /////

4

A. Defendant Walker

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior. Therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Accordingly, in any amended complaint he elects to file, plaintiff must allege facts demonstrating the defendant's personal involvement in the alleged violation of his constitutional rights or not name him as a defendant.

B. Defendant State of California

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The State of California is not a "person" and not a proper party. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.") ; Wolfe v. Strankman, 392 F.3d 358, 364 (9th Cir. Dec. 14, 2004) (holding that the State of California may not be a defendant in a § 1983 action). The State of California should, therefore, not be named as a defendant in the event plaintiff elects to file an amended complaint.

/////

C.  Defendants Linggi, Barajas, Deems and Sumas

Although plaintiff has alleged that defendants Linggi, Barajas, Deems and Sumas were involved in his administrative appeal, it is not clear from the allegations of the complaint that they had any authority to move plaintiff to a lower bunk.  In any amended complaint filed in this action, plaintiff must provide additional factual allegations clarifying the role and responsibility of each of these defendant.  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

D.  Fourteenth Amendment Claim

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first allege facts establishing the existence of a liberty interest for which the protection is sought.  In his amended complaint, plaintiff must clarify what liberty interest he contends was violated by the named defendants.  Plaintiff is cautioned that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  In addition, plaintiff must allege with some specificity the procedural due process he claims he was not afforded.

As to plaintiff's claim that he was denied equal protection under the law, the allegations of his complaint are also deficient.  In this regard, plaintiff has failed to allege facts explaining how he was treated differently, whether this treatment was due to some suspect

classification, and in what way any adverse action taken against him was not reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987).

### IV. Requirements for Amended Complaint

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The court will direct the Clerk of the Court to provide plaintiff with the court's form complaint for a § 1983 action. Plaintiff must use this form for his amended complaint.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the service of this order, plaintiff shall submit a properly completed application to proceed in forma pauperis on the form provided with this order;

2. Plaintiff's complaint (Doc. No. 1) is dismissed;

3. Within thirty days from the service of this order, plaintiff shall file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint;" plaintiff shall use the form complaint provided by the Clerk of the Court;

4. The Clerk of the Court is directed to provide plaintiff with the court's application for leave to proceed in forma pauperis and form complaint for a § 1983 action; and

/////

5. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: May 6, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
will0805.14